UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND
NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2010 SEP 14 P 3: 22

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Baltimore Field Office<br>10 S. Howard Street, 3rd Fl.<br>Baltimore, Maryland 21201<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF ELKTON,<br>100 Railroad Avenue<br>Elkton, MD 21921<br><br>Defendant. | Civil Action No.<br>**JFM 10 CV 2541**<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Andrew P. Johnson (Johnson). The Commission alleges that on November 21, 2007, Defendant Town of Elkton terminated Johnson from his dual position of finance director and assistant town administrator because of his age, 70.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Public Law 111-2 (2009) 123 Stat. 6.

4. At all relevant times, Defendant Town of Elkton ("Defendant Elkton"), a municipality in Maryland, has continuously had at least 20 employees.

5. At all relevant times, Defendant Elkton has continuously been an employer subject to the provisions of the ADEA as specified in Section 11(b)(2) of the ADEA, 29 U.S.C. §§ 630(b)(2).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. Since at least May 9, 2007 Defendant Elkton has engaged in unlawful employment practices at its Elkton, Maryland facility, in violation of Section 4(a) of the ADEA,

29 U.S.C. § 623(a). The practices include discharging Johnson from his dual role of finance director/assistant town administrator on November 21, 2007 because of his age, 70 as follows:

    a. Beginning on at least May 9, 2007 the Mayor and Town Commissioners of Elkton began plans to replace Johnson. Johnson's age was openly discussed as the reason for termination.

    b. Johnson's performance as an employee was at all times excellent.

    c. Johnson was replaced by two newly hired significantly younger employees, one of whom replaced him as finance director and one of whom replaced him as assistant town administrator.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Johnson of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

9. The unlawful employment practices complained of in paragraph 7 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Elkton, its officers, successors, assigns and all persons in active concert or participation with it, from discharging employees on the basis of age and engaging in any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant Elkton to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Grant a judgment requiring Defendant Elkton to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Johnson whose wages are being unlawfully withheld as a result of the acts complained of above.

    D.    Order Defendant Elkton to make Johnson whole by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement and/or provide front pay where appropriate.

    E.    Grant such further relief as the Court deems necessary and proper in the public interest.

    F.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Debra M. Lawrence*
DEBRA M. LAWRENCE
Regional Attorney

*/s/ Maria Salacuse*
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

*(signature)*
ERIC S. THOMPSON
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2322 (phone)
(410) 962-4270 (fax)